# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| SHELTER PRODUCTS, INC., | § | |
| *Appellant*, | § | |
| | § | |
| v. | § | CASE NO. 4:17-cv-90-JRG |
| | § | Bankruptcy Appeal |
| 296 SOUTHLAKE, LTD., | § | |
| *Appellee*. | § | |

## ORDER

Having referred this case to Special Master Jason Searcy (Dkt. No. 34), the Court is now presented with the Special Master's Report and Recommendation (Dkt. No. 35). The Court also considers Mr. Searcy's Motion for Attorney's Fees (Dkt. No. 36).

## I.  Background

In November 2013, Appellee 296 Southlake, Ltd. ("Southlake") hired BBL Builders, L.P. ("BBL") to serve as the general contractor on a construction project. (Dkt. No. 20 at 5.)

On October 14, 2016, BBL filed for bankruptcy under Chapter 11 of Title 11 of the Bankruptcy Code. (*Id.*) Shortly thereafter, on November 3, 2016, Southlake filed a motion seeking relief from the automatic stay relating to $166,289 that was being held in an escrow account. (*Id.* at 5.) This motion was served on counsel for Shelter Products, Inc. ("Shelter Products") via the Bankruptcy Clerk's electronic filing system. (Dkt. No. 35 at 2.)

There is no evidence that any party, including Shelter Products, timely objected to the motion to lift the stay. (*Id.*) However, on November 21, 2016, after the time for filing objections had passed, Shelter Products filed an objection to Southlake's motion to lift the stay. (*Id.*)

Notwithstanding this untimely objection, the Bankruptcy Court granted Southlake relief from the automatic stay on November 22, 2016. (*Id.*) Shelter Products then filed a Motion for Reconsideration, urging the Bankruptcy Court to reconsider its decision granting Southlake relief from the automatic stay. (*Id.* at 2–3.) The Bankruptcy Court subsequently denied this motion for reconsideration. (*Id.* at 3.)

On February 6, 2017, Shelter Products filed a notice of appeal. (Dkt. No. 1.) In this notice, Shelter Products indicated that it was appealing the order denying Shelter Product's motion for reconsideration. (*Id.* at 1.)

On June 15, 2017, the Bankruptcy Court dismissed the underlying bankruptcy case.[1] (*Id.*) No appeal from the dismissal order was filed, nor was a stay requested as to such dismissal. (*Id.*)

On January 29, 2018, having provided both Parties an opportunity to be heard, this Court determined that the appointment of a Special Master, Jason R. Searcy, would serve the ends of justice and expedite resolution of this case. (Dkt. No. 34.) Accordingly, Mr. Searcy was appointed Special Master. (*Id.*)

On March 6, 2018, Mr. Searcy submitted his Report and Recommendation, concluding that the order denying Shelter Product's motion for reconsideration should be affirmed. (Dkt. No. 35 at 6.) Mr. Searcy further concluded that any appeal from the underlying order granting Southlake relief from the automatic stay should be dismissed as moot. (*Id.*) Mr. Searcy also filed a Motion for Attorney's Fees pursuant to the Court's Order appointing him as Special Master. (Dkt. No. 36.)

On March 15, 2018, Shelter Products filed its Objections to the Special Master's Report and Fee Request (Dkt. No. 37).

---

[1] Shelter Products filed its opening brief a week later, on June 21, 2017. (Dkt. No. 7.)

On March 23, 2018, the Court held a hearing to provide the Parties an opportunity to be heard with respect to the Special Master's Report and Fee Request.

## II. Legal Standard

A bankruptcy court's findings of fact in support of its order are reviewed for clear error and its conclusions of law are reviewed *de novo*. *See In re: TMT Procurement Corp.*, 764 F.3d 512, 519 (5th Cir. 2014). Mixed questions of law and fact are reviewed *de novo*. *Id.*

A district court reviews conclusions of law or conclusions of fact made by a Special Master *de novo*. Fed. R. Civ. P. 53(f)(3)–(4). A district court may only set aside rulings on procedural matters for an abuse of discretion. Fed. R. Civ. P. 53(f)(5).

## III. Discussion

The Court begins by conducting a *de novo* review of the Special Master's Report and Recommendation, then turns to considering the Special Master's Motion for Attorney's Fees.

### 1. Report and Recommendation

In its objections, Shelter Products argues that "[t]he Master utterly failed to deal with the central issues of the appeal." (Dkt. No. 37 at 1.) However, Shelter Products points to no specific error in the Special Master's evaluation of its motion to reconsider nor does Shelter Products explain why the Special Master erred in concluding that any appeal from the order granting Southlake relief from the automatic stay is moot. Instead, Shelter Products repeats arguments presented to the Bankruptcy Court, which the Bankruptcy Court already concluded did not justify reconsideration. (Dkt. No. 35 at 3.)

In sum, nothing in Shelter Products' objections addresses the fundamental flaw with its appeal or its procedural missteps in the Bankruptcy Court. Instead, as the Special Master noted, "Appellant's arguments almost completely relate to the advisability of [the order granting

3

Southlake relief from the automatic stay]." (*Id.* at 4.) However, the order presented for appeal is the denial of the motion for reconsideration. Against that backdrop, Shelter Products has not identified any basis, in its underlying appeal or its objection to the Special Master's Report and Recommendation, which explains why the Bankruptcy Court's order denying reconsideration was in error. For example, Shelter Products did not identify new evidence that the Bankruptcy Court should have considered in its original order affecting the stay. (Dkt. No. 35 at 4.) As the Special Master correctly explained, the only new argument Shelter Products raised was a meritless one based on lack of notice. (*Id.*)

The Court also agrees with the Special Master that this appeal is moot. As the Special Master aptly stated: "the only relief available if Appellant's arguments were correct and this appeal was proper would be a re-invocation of the automatic stay which is impossible since the bankruptcy case is no longer extant." (Dkt. No. 35 at 5.) At this point there is simply no relief the Court could provide, and thus the case must be dismissed. *See* U.S. Const. Art. III, § 2, cl. 1.

Accordingly, and having conducted a *de novo* review of the Special Master's factual and legal conclusions, the Court concludes that there was no error in the Bankruptcy Court's order denying reconsideration and that any appeal from its order affecting the temporary stay is moot.

2. **Motion for Fees**

In its objections, Shelter Products argues that the Special Master's fees are either unreasonable, because Shelter Products "is entitled to a free appeal" and because the rates charged are higher than the rates charged by counsel for Shelter Products, or unwarranted in light of the Special Master's apparent "bias." (Dkt. No. 37 at 2–3.)

Having reviewed the record in this case, the Court is not persuaded that the Special Master's fees are unreasonable. *Moore v. Tangipahoa Par. Sch. Bd.*, 843 F.3d 198, 202 (5th Cir.

2016) ("The fixing of fees and costs for a special master rests within the [district] court's discretion."). Additionally, the Court is not persuaded that the Special Master has or has evidenced any bias in his handling of this case, and thus the Court rejects Shelter Products' suggestion that "bias" justifies rejecting the Special Master's motion for fees. *Id.*

In allocating the fees requested by the Special Master, the Court is mindful that it "must allocate payment among the parties after considering the nature and amount of the controversy, the parties' means, and the extent to which any party is more responsible than other parties for the reference to a master." Fed. R. Civ. P. 53(g)(3). Having considered these factors, and the record as a whole, the Court will allocate the requested fees equally between the Parties. *See, e.g., Carter v. Shop Rite Foods, Inc.*, 503 F. Supp. 680, 691 (N.D. Tex. 1980).

## IV. Conclusion

For the reasons set forth herein, the Court concludes that Shelter Products' objections should be and hereby are **OVERRULED** and the Report and Recommendation of the Special Master should be and hereby is **ADOPTED**.

The Court also finds that the Special Master's Motion for Attorney's Fees (Dkt. No. 36) should be and hereby is **GRANTED**. Accordingly, it is **ORDERED** that each party shall pay half of the total fees requested to the Special Master, and such payment shall be made by each party within thirty (30) days of this Order.

It is further **ORDERED** that any remaining requests for relief are **DENIED AS MOOT**. The Clerk is therefore directed to **CLOSE** this case.

**So ORDERED and SIGNED this 23rd day of March, 2018.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE